[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11431

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00971-CV-CO-W

GEORGE W. HALL,

Plaintiff-Appellant,

versus

MICHAEL JOHANNS,
Secretary United States Department
of Agriculture,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 29, 2006)**

Before BIRCH and BLACK, Circuit Judges, and PRESNELL,[*] District Judge.

PER CURIAM:

_____

[*]Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

Assuming, without deciding, that Title VII's analytical framework applies to retaliation claims under the Equal Credit Opportunity Act (ECOA), we affirm the district court's grant of summary judgment in favor of Appellee.

Under Title VII's analytical framework, where a plaintiff relies on circumstantial evidence, the plaintiff first must establish a *prima facie* case of retaliation. *See Cooper v. Southern Co.*, 390 F.3d 695, 724–25 (11th Cir. 2004). The defendant then must rebut the plaintiff's *prima facie* case by producing a legitimate, nondiscriminatory reason for his action. *Id.* at 725. If the defendant articulates such a reason, the burden returns to the plaintiff to establish the reason offered by the defendant is pretext. *Id.*

To establish a *prima facie* case of retaliation under the ECOA, a plaintiff must show: (1) the plaintiff participated in a protected activity; (2) the plaintiff suffered an adverse credit action; and (3) there is a causal connection between the protected activity and the adverse credit action. *See Maniccia v. Brown*, 171 F.3d 1364, 1369 (11th Cir. 1999).

After oral argument and a thorough review of the record, we determine Appellant failed to establish a *prima facie* case of retaliation. Specifically, Appellant failed to establish a causal connection between his participation in the protected activity and the adverse credit action. While Appellee had knowledge of

2

Appellant's participation in the protected activity, Appellant failed to provide evidence that his participation in the protected activity and the adverse credit action were related. *See Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000) (explaining that to establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct and that the protected activity and the adverse action were at least somewhat related). Additionally, even if Appellant established a *prima facie* case of retaliation, Appellant failed to show the legitimate, nondiscriminatory reason offered by Appellee was pretext. Accordingly, we affirm the district court's grant of summary judgment in favor of Appellee.

**AFFIRMED.**